3-090936, Sandy Weidner v. Edward Krill v. Jeremy S. Karlin, et al., at the leave of John Kean. Mr. Krill, you may proceed. Good morning. May it please the Court. As a preliminary matter, this is an appeal brought regarding a complaint of legal malpractice. The proceedings where we are right now is that a four-count complaint was filed against the defendants. The circuit court in Knox County allowed counts 1 and 2 regarding the actual actual malpractice to stand. Counts 3 and 4 were dismissed on a 619 motion. With regards to the rules governing motions to dismiss this well-settled law in Illinois, it's cited in my brief, and I don't think I need to feel the need to rehash that here today. To get right to the point, the issue that I see at the end is the distinction between legal malpractice as set forth in plaintiff's complaints, count 1 and 2, against the defendant, Karlin himself, and another principal respondent superior, versus what we have identified as common law fraud. This Court, as I have looked at the research and reviewed the case law, has come across this issue two times that I can see, and I'll go through each of those cases with you and give you my opinion of that. I think the key terminology here with regards to the distinction between legal malpractice, which has been identified in the case law, looking at Black's Law Dictionary and what that means, regarding the attorney's professional skills, his abilities, and his knowledge. Clearly, the state legislator in drafting what I believe is referred to as the Healing Arts Statute 735 ILCS 5-2-115, which is mentioned in the Applebee's brief, identifies that punitive damages, which is sort of the crux of why we're here, should not be allowed in cases of legal malpractice. I agree. That's what the state legislator says. It's set forth for a reason. It's been addressed by the courts on numerous occasions. But I think if we look at the details and the distinction between what the allegations of legal malpractice are versus those of what we allege to be the common law fraud, it is the separate and distinct acts of the defendant and his law firm after the act of malpractice takes place. I argued in front of the trial court on numerous occasions that the act of malpractice occurred on a single specific day. That specific day was April 28, 2003. The background of it is that Ms. Widener asked Mr. Carlin and his law firm to represent her in a workers' compensation claim. The allegations and the factual basis sets forth that he was aware of an injury occurring on April 28, 2000. That is the date of the accident. Under Illinois workmen's compensation rules and laws, there is a three-year statute of limitations. Representation continued through that date and beyond. On April 28, 2003, three years later, there was no claim filed. That is the act of malpractice. That's what's set forth in Plaintiffs' Complaint Counts I and II. It is the actions afterwards that I think create the separate and distinct act which allow for an allegation of common law fraud. Where's the reliance on that? Well, the reliance issue is, and I set this out in my brief, the reliance issue comes back to the fact that Ms. Widener, as she was being counseled by Mr. Carlin and his law firm with regards to details of her claim, the fact that it was not going to be successful, there were negotiations going on, the reliance is that she believed him. She believed him to the point- But she had a second opinion. Well, she had a second opinion on the workers' compensation claim. And did she follow his advice and settle the claim? She did not follow his advice and settle the claim. And it's, you know, the issue with regards to reliance comes back to the fact that, and I argued in my brief, that if she does not rely upon what he says or the advice that he's potentially giving her at that time, she probably never gets a second legal opinion. She did not come to my office asking for advice or counsel on the fact that Mr. Carlin and his law firm committed malpractice. She came to my office asking for advice on whether or not the merits of her workers' compensation claim were good or legitimate because of the fact that Mr. Carlin was giving her advice about how to handle this particular workers' compensation matter. I think if she comes to my office and she asks, you know, I believe that Mr. Carlin may have done something wrong here. I believe that he didn't file this claim timely. The reliance, then it becomes a different situation, but the fact- Is reliance subjective or objective? Because you're making it out subjectively, aren't you? Well, I believe it's probably a little bit of both, quite honestly, you know, in the sense that the reliance issue has to be that the client, if they don't understand the details of what the allegation is or what the issue is, which she clearly did not, she was not aware of the fact that the statute of limitations had expired. As I set forth in my argument and kind of going back to the separate and distinct argument that I'm making, the fact is that he proceeds further with his actions beyond any actions that have been set forth in any cases that have been discussed in briefs. And the fact that he's proceeding further filing claims with the court, having her sign documents to do so, clearly after the statute of limitations has expired, creates reliance in my opinion. Do you have any case law to support that opinion? I was not able to find any case law to specifically identify that. In terms of your question regarding the subjective versus objective nature- No, I'm talking about your last statement with regard to that established reliance. There are no cases that set it out that way. Well, I was not able to find anything specifically on that point. The reliance issue, I will agree with you, Your Honor, is the hurdle that I have to get over here with regards to the allegation of the common law fraud. She did not settle her claim based upon what he said. What about the damage aspect of it? Well, the damage aspect of it is the fact that we asserted and alleged in our complaint that the damages are a result of the reliance in the sense that she gets told by Mr. Carlin, she gets told by his law firm that the case is not going to be successful, you should settle this case. She has been dealing with this matter for years. What's the damage aspect of it? The damage of it is the fact- I mean, there's damage allegedly through the malpractice because the statute of limitations is run. It wasn't done properly allegedly. Correct? Correct. Okay. That's the damage for the malpractice claim. I agree. What's the damage for the fraud claim? The damage for the fraud claim is an allegation that I make in the complaint is the fact that she's humiliated, she's embarrassed. There is emotional distress created by the fact that this matter- Are those legitimate damages in fraud claims? I would argue that they would be, Your Honor. Are there any cases that support that position? I was not able to look at any cases in support of that position directly. So, you know, the damages aspect of it, and I agree with you, the fact that the malpractice act itself creates its own set of damages, we certainly have to be able to establish that there's a second set of damages that comes from the common law or allegation of common law fraud. Now, the emotional, the inflection of emotional stress is sort of a very narrow and tight tort in the state of Illinois, and it appears that you're sort of slipping that in into fraud counts, doesn't it? To a certain degree, yes, and trying to establish the damages aspect of it through that means. And that separate tort itself, like I say, has been narrowly defined in Illinois. Would you agree with that statement? Yes, I would. And so creatively, you're attempting to get that kind of damage or that kind of aspect through the fraud claim tort. Well, creative might be a word, but I also think it's applicable in the sense that she clearly was, which once she discovers and finds out, we have to recall that she's being told by her counsel at that point in time that your case is no good. You're not going to win. You need to settle. In fact, it is part of the allegations that I make in my complaint that he tells her to file bankruptcy. She has tens of thousands of dollars of medical expenses, and the allegation is that Mr. Carlin advises her to file bankruptcy on those medical expenses for an individual who, to my knowledge, has never had to do that before, has never had to come across that particular situation. This is advice that he's giving her, which, in my opinion, creates the emotional distress. Would you agree that if we were to accept your propositions that we would have greatly expanded the case law in this area? Wouldn't that be true? With regards to the common law fraud and the reliance and damages issue, Your Honor, as I said, I researched it. I couldn't find any cases that were directly on point that addressed those particular issues. From what I was able to see in the cases from common law fraud, it all kind of comes together as a package deal, for a lack of better words, in the cases that I saw, when you have one element that leads to another to another. In this particular case, I would characterize it as a situation where I think the first three elements of fraud can potentially be met, can be argued, and that's what we're at in this case, is a pleading stage. And then, of course, you've got the reliance and damages issue, which is my greatest hurdle. There's no doubt about it. And in terms of trying to establish those damages, it does require a little bit of creativity, and I think you would be expanding from what I can see. Your Honor, you can correct me if I'm wrong. It would be potentially a case of first impression on that. And it's a scenario where, you know, I think we have to look behind. Well, I understand the issues with regards to staying within the definitions of the law, but if we look at what this individual did as for counsel, you know, this is, in my opinion, reprehensible activity. I mean, he knows that this case has expired, the statute of limitations. He confronts her, doesn't say a word to her, says to her, almost two years after the statute of limitations expires, I'm going to file a claim for you. And it was in September of 2005 that he asks Ms. Wiener to come. She signs a fee agreement, because one thing that I did not identify in my brief, as part of the rules governing workers' compensation practice, whenever an individual attorney files an application for adjustment of claim, there has to be a fee agreement filed along with that, and it's a 20% contingency fee agreement. So in order for him to file that claim, he had to ask her to sign a fee agreement, and that had to be filed with that claim. The claim gets filed. There's a hearing on the respondent's motion to basically dismiss that complaint because it's beyond a three-year statute of limitations. That motion gets granted. He then never tells her that the case was dismissed. She has no knowledge of this at any point in time until she seeks a second legal opinion, at which point time it was discovered. And I think that these are actions which also, in terms of the previous cases that have been discussed, and I believe two of the cases were addressed by this court, and I'm referring specifically to the Cripe case, which I rely upon most heavily, because it was the Cripe case where this court set forth the distinction between common law fraud and legal malpractice and said that if you can establish fraud, then you can get around the 115 Code of Civil Procedure statute that's created. And then there's the case of the Kennedy case, which is actually addressed several years after Cripe. And Kennedy, as I see it, was a factually distinguished case due to the fact that in that particular case, the allegations made were that the attorney simply gave bad advice, said that I could do this, and didn't file the claim in a timely fashion. In this particular case, it is my argument that Mr. Harlan's behavior and his office's behavior goes far beyond that. I mean, he not only approaches Ms. Weiner and says these things to her, but he does it in an open court. And I think that is the activity that requires the most attention by this court with regards to the allegations of common law fraud. Counsel, are you providing your services pro bono? I am not. As to damages on the issue of fraud, can your fees be considered? Not that I'm aware of, Your Honor. I would imagine that the common law fraud would be a situation where I represent her on a contingency basis, and I'm not aware of any particular scenario where that can be included in damages before a trial court or before a jury. Are you aware of any case where ethical outrage is equated to common law fraud? I am not, Your Honor. And this court and I think the other appellate courts have addressed this. You're clear to say that those two things are not equal to one another. However, I think it's an important element in the evaluation of the common law fraud and in the evaluation of the reliance on damages that we discussed earlier. So I'm here to ask this court to reverse the trial court's decision with regards to its order granting the 619 motion to dismiss. Thank you. Thank you, Mr. Brill. Mr. Kamen, you may respond. Thank you, Your Honor. May it please the court, counsel. My name is John Kamen. I'm counsel for Jeremy Carland and his former employer, Storrs Bach Morrison. The court's decision to dismiss these two counts, counts three and four of this complaint labeled as common law fraud should be affirmed. I think Justice Cardi made a good point. What we have here are various elements of various causes of action, but plaintiff is not able to prove any particular cause of action. There are statements of fraud, fraudulent concealment. There is attempts to allege fraud. There's attempts to allege damages consistent with the claim for intentional infliction of emotional distress. But there is no established allegation of common law fraud based upon the facts that are pled and presented to Judge Mathers and then the circuit court down in Knox County. Much of our briefing addresses the ability to recover punitive damages, and that is why we're here, because plaintiff is attempting to plead and recover punitive damages. But again, recovery of punitive damages in this case begs the question of whether or not fraud was alleged in the first place. There's no particular misrepresentation of fact. There's an allegation that there was an omission to disclose some information, but that is not a lie as common law fraud was identified in the Cripe decision, Cripe versus Leiter, where there's a specific allegation of a misrepresentation of fact and lying about billing and presenting false billing records. In addition, the fact that a claim is filed that is ultimately determined to be time barred is not a fraud upon the court. That would mean that every time a case is dismissed based upon being violative of the statute of limitations, there would be a fraud, and that's simply not a misstatement of fact. The statute of limitations is in front of the defense. It's up to the defendant to come plead it and dismiss the case based upon expiration of the statute of limitations. And if that had not happened in this particular case and the defendant wasn't successful in doing it, we wouldn't be here today. So filing the claim in and of itself is not a fraud upon the plaintiff or the court. Furthermore, there's specifically no reliance. I believe that one of the other facts that alleges that Mr. Carlin had told the petitioner, Ms. Wiedner, that she had problems with this case and she really should consider settling it. That's legal opinion. That's legal advice, whether good or bad. If it's bad, it could be legal malpractice, but it is not a fraud, and it's conceded. She didn't accept the settlement offer. She didn't give up any particular rights, and it's not reliance upon that statement that can establish the necessary reliance for a fraud that she went and sought additional advice because she wasn't happy with her lawyer, as is alleged. And finally, the damages we're talking about are the same damages that are intertwined and related to the original malpractice in the first place. She has a claim for legal malpractice. She has pled a claim for legal malpractice. And what she's attempting to do now is put a fraud moniker on it so that she can usurp Section 2-1115 and pursue punitive damages, which this court has already held as inappropriate. There's really four cases that seem on point to me. And this is not a case where the first district in Calhoun says you can't recover punitive damages in this circumstance, and the third district in Cripes says you can't. That's not the circumstance. This is not simply a split in the decisions. The Calhoun case is actually worse facts, as alleged, because that was a case where it was alleged that the defendant attorney in that case specifically told an injured worker that her case had not been dismissed, misrepresented the status of the case, and then went directly to the defendant and tried to settle the case directly with her. And that was the allegation in that case. And the first district in that case said, although we think that's reprehensible, we are not going to allow those allegations to be used to usurp the prohibition on punitive damages under 2-1115. The next case, which is a third district case, is Cripes v. Leiter, deals with fraudulent billing. And this court took a look at that decision, or that activity, and said, is that really providing legal services? Is this related to the provision of legal services, or is that something different? It wasn't that the gentleman that was the defendant in that case had done a bad job handling the estate. They were saying that you were falsifying and lying to your client about how much time you spent and had separate damages, the legal fees that were collected in that particular case, completely separate and distinct from the legal work that was being done. Subsequent to that decision, we have both Brush and Kennedy v. Grimsley. The Brush decision is another failure to disclose, you should have told me you had a conflict. And this court said, that is related to the legal work that's done in this case, and that does not establish an action for fraud or breach of fiduciary duty or willful and wanton misconduct, which we could then use to usurp and go around to 2-1115. And then most recently in Kennedy v. Grimsley, I beg to differ. I think that that case, specifically their allegations that there were misrepresentations made at the outset about the defendant attorney's capacity to handle and experience in certain medical malpractice claims. There was an allegation you lied to me and said you knew how to do this and it wasn't true. And this court, again, subsequent to Cripes, subsequent to Brush, said we're not going to allow that allegation to be made in order to usurp 2-1115 because the formation of the attorney-client relationship is inextricably intertwined with the representation of this individual. Granted, plaintiffs can make an allegation that the act of malpractice occurred when the statute of limitations ran and there wasn't a claim on file. But that does not change the fact that disclosure of the malpractice and continued representation or problems with the representation of Ms. Wiener throughout the process until that relationship was terminated are actions involving legal malpractice and are not sufficient to establish a cause of action for common law fraud. And on that basis, we would ask that the circuit court's order be affirmed. Thank you. Thank you, Mr. Kamen. Mr. Prill, you may reply. Your Honor, I don't think this is true. Okay. Very good. Thank you, counsel, for your arguments in this matter this morning. They will be taken under advisement. A written disposition shall issue and the court will stand in brief recess for a panel. Thank you, gentlemen. Please rise.